IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ROY H. WIGGS,<br><br>Plaintiff,<br><br>v.<br><br>RYAN WINKELBAUER,<br><br>Defendant. | **8:25CV698**<br><br>**MEMORANDUM AND ORDER** |

On April 24, 2026, the Court granted (Filing No. 20) defendant Ryan Winkelbauer's ("Winkelbauer") motion to dismiss (Filing No. 7) plaintiff Roy H. Wiggs's ("Wiggs") amended complaint (Filing No. 18) for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). The Court entered judgment (Filing No. 21) dismissing this case with prejudice that same day.

Before the Court is Wiggs's Motion to Alter or Amend (Filing No. 22) the Court's judgment pursuant to Federal Rule of Civil Procedure 59(e). He asks the Court to (1) amend "the judgment so as to deny Winkelbauer's Motion to Dismiss," (2) permit Wiggs to file a Second Amended Complaint," and (3) amend "the judgment such that this case stands dismissed without prejudice." In support, he has submitted a copy of his proposed Second Amended Complaint (Filing No. 23). *See* NECivR 15.1(a). His proposed amended pleading again names only Wiggs as plaintiff.

As Wiggs's points out, Rule 59 motions are generally disfavored. *See Ellis v. Nike USA, Inc.*, 158 F.4th 932, 935 (8th Cir. 2025). "Rule 59(e) was adopted as a mechanism for the district court to correct its own mistakes shortly after entering judgment." *Nordgren v. Hennepin County*, 96 F.4th 1072, 1077 (8th Cir. 2024) (citing *Banister v. Davis*, 590 U.S. 504 (2020)). It gives the Court "broad discretion in determining whether

to alter or amend judgment." *Uradnik v. Inter Fac. Org.*, 2 F.4th 722, 727 (8th Cir. 2021) (quoting *Briehl v. Gen. Motors Corp.*, 172 F.3d 623, 629 (8th Cir. 1999)).

Rule 59(e) motions "serve the limited function of correcting manifest errors of law or fact or [presenting] newly discovered evidence." *Tukaye v. Troup*, 157 F.4th 958, 962 (8th Cir. 2025) (alteration in original) (quoting *Ryan v. Ryan*, 889 F.3d 499, 507 (8th Cir. 2018)). They "cannot be used as a vehicle to tender new legal theories, raise arguments that could have been made prior to the issuance of judgment, re-argue the merits of claims, or suspend a judgment's finality without specifically identifying for the court a manifest error of law or fact that needs correcting." *Nordgren*, 96 F.4th at 1077.

Wiggs first argues the Court incorrectly determined that his threadbare recitals and speculative allegations were insufficient to plausibly state a claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). He maintains they were more than sufficient, and that any failure fell at the feet of Winkelbauer. The Court has carefully reviewed its decision with fresh eyes yet sees no manifest error there.

Wiggs next argues the Court failed to accept his factual allegations as true by saying that DDR Meat Solutions's ("DDR") computer system was "ostensibly in Wiggs's control and possession." Wiggs misunderstands the Court's statement. The Court did accept as true Wiggs's allegations that Winkelbauer refused to provide Wiggs with the codes and other information he used to access the computer system. The quoted statement from the Court refers to Wiggs's physical control and possession of the computer system, which he has since confirmed he had.

Wiggs contends he has newly discovered evidence obtained by his investigator and cybersecurity expert, Brian Clinkenbeard ("Clinkenbeard"),—evidence that he did not have when he filed his original complaint on December 5, 2025. But Wiggs goes on to say that Clinkenbeard was able to remove Winkelbauer as the Global Administrator on or about December 15, 2025, and fully access the computer system in late February or March 2026.

That time period is well before the Court issued its April 24, 2026, Memorandum and Order (Filing No. 20) and Judgment (Filing No. 21) granting Winkelbauer's Motion to Dismiss (Filing No. 7). Indeed, although Wiggs amended his complaint on March 9, 2026 (Filing No. 18), he does not appear to have included any additional allegations based on Clinkenbeard's investigatory findings that he now asks the Court to consider. In these circumstances, the Court is not convinced that Wiggs has "newly discovered evidence that was unavailable to" him at the pertinent time.[1] *Tukaye*, 157 F.4th at 963; *see also Close v. City of Bellevue Iowa*, 179 F.4th 1109, 1118 (8th Cir. 2026) (finding "no abuse of discretion" when "[m]ost of the information [the plaintiffs] wanted to add was available" before judgment "[a]nd the rest 'added little, if any, . . . substance to the original complaint'" (quoting *Dorn v. State Bank of Stella*, 767 F.2d 442, 444 (8th Cir. 1985) (per curiam))).

Wiggs argues the Court should permit him "to file a Second Amended Complaint containing allegations based on information learned primarily since late February or early March 2026." But that kind of tacit assertion that his "proposed second amended complaint remedies the deficiencies in [his] prior pleadings by including additional factual allegations sufficient to survive a motion to dismiss . . . is exactly the type of post-judgment amendment that Rule 59 is designed to prohibit." *Id.*; *United States v. Metro. St. Louis Sewer Dist.*, 440 F.3d 930, 935 (8th Cir. 2006) (finding no abuse of discretion in denying relief under Rule 59(e) where the plaintiff could have presented its proposed evidence "prior to the entry of judgment").

Despite notice of deficiencies, Wiggs "chose to stand on [his] complaint, confident [his] allegations were sufficient." *Gomez v. Wells Fargo Bank, N.A.*, 676 F.3d 655, 665 (8th Cir. 2012); *see also Ellis*, 158 F.4th at 935 (concluding that waiting until after a final order was issued to request leave to amend amounted to unexcused delay); *Moses.com Sec.,*

[1] Wiggs repeatedly focuses on the date he filed the original complaint, but that is not controlling here.

*Inc. v. Comprehensive Software Sys., Inc.*, 406 F.3d 1052, 1065 (8th Cir. 2005) (explaining that "[u]nexcused delay is sufficient to justify the court's denial" of leave to amend, particularly where the motion to dismiss identified the very deficiencies that led to dismissal). The Court sees no compelling reason at this late stage to free Wiggs of his "strategic decision not to amend the complaint" before the Court entered final judgment. *Gomez*, 676 F.3d at 665; *see also Mountain Home Flight Serv., Inc. v. Baxter County*, 758 F.3d 1038, 1045 (8th Cir. 2014); *Briehl v. Gen. Motors Corp.*, 172 F.3d 623, 629 (8th Cir. 1999).

One last point bears mentioning. Wiggs argues that "[t]o the extent that DDR should have been added as a plaintiff, the Amended Complaint should have been dismissed without prejudice." *See* Fed. R. Civ. P. 41(b) (explaining that dismissals under Federal Rule of Civil Procedure 19 generally do not operate "as an adjudication on the merits"). The argument is based in part on Wiggs's misunderstanding of the Court's decision. Wiggs contends the "Court characterized the omission of DDR as the 'more-salient question[ ]' presented on Winkelbauer's Motion to Dismiss." But that is not accurate.

The Court did not consider that to be the more-salient question. It faulted Wiggs for failing "to fully address Winkelbauer's more-salient questions about Wiggs's purported ability to sue 'in a derivative capacity on behalf of DDR.'" While the Court acknowledges that it could have been clearer, its focus was different—Wiggs's failure to adequately address the challenge to his purported rights to bring the claims he brought.

At any rate, the Court's decision—which was expressly based on Wiggs's failure to state a plausible claim—did not turn on the absence of DDR as an indispensable party. As Wiggs points out, Winkelbauer's motion and this Court's decision were based on Rule 12(b)(6). Though Winkelbauer briefly argued (among other things) that DDR was indispensable, neither he nor Wiggs mentioned Rule 12(b)(7) or Rule 19, and the Court did not rely on them, let alone dismiss "the Amended Complaint for failure to join DDR as a plaintiff" as Wiggs suggests.

To be clear, the Court's Memorandum and Order neither dismissed nor otherwise addressed any claims DDR might have against Winkelbauer on the merits or otherwise. And the Court's Rule 12(b)(6) ruling has no preclusive effect on DDR's ability to timely bring such claims. In these circumstances, the Court finds it is unnecessary to alter or amend its judgment to be without prejudice.

For the foregoing reasons, plaintiff Roy H. Wiggs's Motion to Alter or Amend (Filing No. 22) the Court's judgment pursuant to Federal Rule of Civil Procedure 59(e) is denied. *See*, *e.g.*, *Saylor v. Jeffreys*, 131 F.4th 864, 868 (8th Cir. 2025) (describing this Court's broad discretion to decide such motions); *Drobnak v. Andersen Corp.*, 561 F.3d 778, 788 (8th Cir. 2009) (finding "no abuse of discretion in the district court's post-judgment denial of leave to amend").

IT IS SO ORDERED.

Dated this 21st day of September 2026.

BY THE COURT:

Robert F. Rossiter, Jr.
United States District Judge